# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### COURT FILE NO:  CV-

| | | |
|---|---|---|
| **DAVID LAROCK** | ) | |
| **Plaintiff** | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **ROBERT JAMES & ASSOCIATES** | ) | |
| **ASSET MANAGEMENT, INC.** | ) | |
| **and** | ) | |
| **RJA CAPITAL, INC.** | ) | |
| **Defendants** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania

Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and

Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter

"UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive,

misleading and unfair practices.

2.      Venue is proper in this District because Defendants transact business within this

District.

### PARTIES

3.      Plaintiff, David Larock ("Plaintiff"), is a natural person and is a "consumer" as that

term is defined by 15 U.S.C. section 1692a(3).

4.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family

or household purposes, in this case, a credit card, and is therefore a "debt" as that term is

defined by 15 U.S.C. § 1692a(5).

5.      Defendants Robert James & Associates Asset Managment, Inc ("Robert James") and

RJA Capital, Inc. "(RJA"), are upon information and belief, corporations located at 461 Ellicott

Street, Buffalo, NY 14203, and, at all time relevant herein, operated as collection agencies, and

are "debt collectors" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. §

2270.3.and acted by and through their owners, managers, officer, shareholders, authorized

representatives, partners, employees, agents and/or workmen and by, through and, on behalf of

each other.

6.      Defendants, at all times relevant hereto, were persons who used an instrumentality of

interstate commerce or the mails in a business the principal purpose of which was the collection

of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or

due asserted to be owed or due another, and/or who, in the process of collecting its own debts,

used a name other than its own which would indicate that a third person was collecting or

attempting to collect such debts.

7.      At all times material and relevant hereto, Defendants are individually, jointly and

severally liable to Plaintiff.

### III.  FACTUAL ALLEGATIONS

8.      In or about July, 2012, Defendant Robert James began contacting Plaintiff and his

relatives via telephone and leaving messages regarding an alleged credit card debt, and stating

that a legal matter that had been filed against him.

9.      On July 31, 2012, an individual, who identified himself as Eric Kline, left the following

message on Plaintiff's niece's cell phone:

> Hello Samantha, my name is Eric Kline. I'm attempting to contact David Larock. This
> is a primary contact listed with my firm so we are attempting to notify him of a
> summons that was released against him under the allegations of fraud with the current
> residency of 547 James Street, Kerlinsville PA 16833. Please make him aware that I

have been attempting to contact him for well over a week and could not get a hold of himself or a legal representative. Also inform him if he is looking to rectify this matter on a voluntary basis and has not been served in regards to the allegations that were filed, either himself or his attorney may contact, my direct contact is 315-410-2086 and make him aware, unfortunately, if he has been served, all negotiations will cease. The current case file today has A136949. Once again, it's A136949. Please make him aware that this will be his final notification in regards to the legal documents being released against him as well as his final attempt to rectify. Once again, this is the final notification for David Larock and the summons released to the current residency on file of 547 James Street, Curwinsville, PA 16833. David Larock, you've been notified.

10.     In the aforeseaid message, Defendants' representative Kline continued to tell Plaintiff's

niece details of the "allegations" against Plaintiff, but did not request any contact information

for Plaintiff.

11.     On or about July 31, 2012, a representative of Defendant Robert James, who also

identified himself as Eric Kline, spoke with Plaintiff and informed Plaintiff that the deadline for

settling the alleged debt was 10:00 a.m. on August 1, 2012.

12.     On August 1, 2012, Defendant's representative Eric Kline left a voicemail message on

Plaintiff's telephone as follows:

Hello David Larock, this is Eric Kline. I'm attempting to contact you pertaining to a legal matter that was filed against you. I've left several messages in an attempt to get a hold of you pertaining to this matter. Sir, I informed you yesterday when we spoke and briefly this morning, that as of 10 a.m. this morning, our clients will be pulling this case file to review it. I also informed you that the extension on this case file was not approved. So at this point I do need to make you aware that our clients are going to be reviewing this case and they will be returning to the previous (..unintelligible..) settlement that was given to you in the amount of $924, I'm sorry, $926.54. This will be your notification in regards to interest that our clients have pushed forward, and once again sir, I informed you, unfortunately, as of 10 a.m. this morning our clients will be retracting this offer. You have my direct contact at 315-410-2086. David Larock, you have been notified of the summons that was released against you. Thank you.

13.     On August 9, 2012, a representative of RJA, who identified himself as Kevin Cook, left

the following voicemail message on Plaintiff's niece's cell phone:

Hello. This is Kevin Cook calling from RJA Capital for David LaRock. This is on
record and my second attempt to obtain a voluntary statement on your behalf regarding
a potential legal matter in Clearfield County. Due to sensitivity and time, you are now
jeopardizing these proceedings moving forward without your knowledge or statement.
My direct line is 315-410-2067 and again my name is Kevin Cook. When calling back,
please refer to case number A, as in apple, 136949. Thank you.

14.    Contrary to all messages left by Defendants, there have been no summons or lawsuits

filed against Plaintiff.

15.    Despite Defendants' telephone call to Plaintiff's niece, Plaintiff never gave Defendants

his consent or permission to discuss this matter with his niece.

16.    Defendant failed to send Plaintiff the Notice required under 15 U.S.C. Section 1692(g).

17.    Using the standard of "the least-sophisticated consumer," Defendants' language in the

August 9, 2012 phone call is at the very least confusing and more likely deceptive and

misleading.

18.    The aforesaid messages are material violations of the FDCPA as below stated:

     a.    a representative from Defendant Robert James had spoken with Plaintiff on July

31, 2012 at his home and, therefore, had no reason to attempt to contact Plaintiff on Plaintiff's

niece's cell phone thereafter;

     b.    Defendants discussed the alleged debt with Plaintiff's niece without Plaintiff's

consent or permission.

     c.    Defendants threatened to take legal action that was not, or was never intended to

be taken;

     d.    Defendants utilized communications which did not contain the mini-Miranda

warning;

     e.    Defendants failed to send Plaintiff the required G Notice.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

19.     Plaintiff incorporates his allegations of paragraphs 1 through 18 as though set forth at length herein.

20.     Defendants' actions as aforestated are materially, false, deceptive and misleading to Plaintiff as follows:

(a)     Defendants violated 15 U.S.C. § 1692c (b)(1) by contacting a third party and failing to state that the collector was confirming or correcting location information;

(b)     Defendants violated 15 U.S.C. § 1692c (b)(2) by contacting a third party and stating that the consumer owes a debt;

(c)     Defendants violated 15 U.S.C. § 1692(b)(3) by contacting a third party more than once;

(d)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(e)     Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

(f)     Defendants violated 15 U.S.C. § 1692e(2) by providing false or misleading representations in communications about the character, amount, or legal status of the alleged debt;

(g)     Defendants violated 15 U.S.C. § 1692e(5) by threatening to take actions that cannot legally be taken or are intended to be taken, especially, in light of the fact that Plaintiff

is not a law firm and, therefore, its representation that Plaintiff should expect to receive a summons represents a false, deceptive and misleading threat;

(h)     Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect a debt;

(i)     Defendants violated 15 U.S.C. § 1692e(11) by making use of communications that do not contain the mini-Miranda warning;

(j)     Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt;

(k)     Defendants violated 15 U.S.C. § 1692g by failing to send the consumer a thirty day validation notice within five days of the initial communication;

(l)     Defendants violated 15 U.S.C. § 1692g(a)(3) by failing to state the Right to Dispute within 30 Days;

21.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

22.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

23.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

24.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

**CLAIMS FOR RELIEF**

25.     Plaintiff incorporates his allegations of paragraphs 1 through 24 though set forth at length herein.

26.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

27.     As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Larock, prays that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1)     Actual damages;

(2)     Statutory damages in the amount of $1,000.00;

(3)     Reasonable attorney's fees and costs;

(4)     Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

28.     Plaintiff incorporates his allegations of paragraphs 1 through 27 as though set forth at length herein.

29.     Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by

a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or

practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Larock, prays that judgment be entered against

Defendants, individually, jointly and severally, for the following:

(1)     An Order declaring that Defendants violated the FCEU;

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION
## LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

30.     Plaintiff incorporates his allegations of paragraphs 1 through 29 as though set forth at

length herein.

31.     Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any

unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as

set forth above, constitutes a violation of UTPCPL.

32.     Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4)

committed by Defendants include, but are not limited to, the following:

Defendants engaged in fraudulent or deceptive conduct which would create the

likelihood of confusion or of misunderstanding.

33.     Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Larock, prays that judgment be entered against

Defendants, individually, jointly and severally, for the following:

      (1)    An Order declaring that Defendants violated the UTCPL

      (2)    Actual damages;

      (3)    Treble damages;

      (4)    Reasonable attorney's fees and costs;

      (5)    Such other and further relief that the Court deems just and proper.

### V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

               Respectfully submitted,

               Mpf8441/s/Michael P. Forbes

               Law Office of Michael P. Forbes, P.C.
               By: Michael P. Forbes, Esquire
               Attorney for Plaintiff
               Attorney I.D.#55767
               200 Eagle Road
               Suite 220
               Wayne, PA 19087
               (610 293-9399
               (610)293-9388 (Fax)
               michael@mforbeslaw.com
               Attorney for Plaintiff, David Larock

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 356 Main Street, Woodland, PA 16881

Address of Defendant: 266 Elmwood Ave, Suite 369 Buffalo, NY 14222

Place of Accident, Incident or Transaction: Clearfield County, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael P. Forbes, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/14/13 _____ 55767
Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/14/13 _____ 55767
Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

David Larock                              :        CIVIL ACTION
                                          :
                   v.                     :
Robert James & Associates Asset           :
Management, Inc. and RJA Capital, Inc.    :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 5/14/13 | Michael P. Forbes | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-293-9399 | 610-293-9388 | Michael@MForbesLaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID LAROCK

**DEFENDANTS**
ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT, INC. and RJA CAPITAL, INC.

**(b)** County of Residence of First Listed Plaintiff   CLEARFIELD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   ERIE COUNTY, NY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICE OF MICHAEL FORBES, P.C., 200 EAGLE RD, SUITE 220, WAYNE, PA 19087; 610-293-9399

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. SECTIONS 1692 - 1692P
Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
05/14/2013

SIGNATURE OF ATTORNEY OF RECORD
MPF8441/S/MICHAEL P FORBES

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____